UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 11-CV-1237 |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF LABOR | : | FEBRUARY 14, 2013 |
| ADMINISTRATOR, ET AL, | : | |
| Defendants. | : | |

**RULING RE: MOTION FOR WRIT OF MANDAMUS (Doc. No. 85)**

Once again, plaintiff Ronald Patterson has filed a motion seeking some form of federal grand jury investigation related to a litany of constitutional violations allegedly perpetrated against him by a wide array of individuals and organizations, including the undersigned. In this Motion, Patterson asks for a Writ of Mandamus (Doc. No. 85) to compel the United States Attorney to convene and present information to such a grand jury pursuant to 18 U.S.C. § 3332. This motion is **denied**.

The court reiterates that Patterson has presented no evidence that such a grand jury investigation currently exists. Nor is there any reason to believe that it does, in fact, exist, as Special Grand Juries convened under 18 U.S.C. § 3331 only take place in districts containing more than four million inhabitants, or follows a certified letter, in writing, to the chief judge of that district from a representative of the Attorney General's Office. 18 U.S.C. § 3331. No such letter has been received here. Thus, even if Patterson had standing to bring suit to compel presentation of evidence in an ongoing special grand jury investigation to the grand jury, there is no grand jury to present it to. Moreover, courts have generally found that no such standing exists. See Banks v. Buchanan, 336 Fed.Appx. 122, 123 (3d Cir. 2009) ("Banks is correct that § 3332

1

requires the U.S. Attorney to inform the grand jury of information provided by 'any person' about an 'offense [ ] against the criminal laws of the United States.'  If does not, however, confer standing upon Banks to enforce the U.S. Attorney's obligation, as Banks's interest in the prosecution of AUSA Conway is not a legally protected interest.") (quoting 18 U.S.C. § 3332); Seargeant v. Dixon, 130 F.3d 1067, 1069 (D.C. Cir. 1997) ("Insofar as Mohwish has a legally cognizable interest in collaterally attacking his conviction by convincing a grand jury to indict the federal officers who, he alleges, wrongfully prosecuted him, the vindication of that interest is too speculative (not to say fanciful) to support his standing."); but see In re Grand Jury Application, 617 F.Supp. 119, 201 (S.D.N.Y. 1985) (finding the plaintiff had standing, in an organized crime case, to seek enforcement of the statute and have the United States Attorney present evidence to a grand jury but determining as "critical" the fact that "plaintiffs do not seek to compel the U.S. Attorney to prosecute the named defendants.").

These observations are also joined with serious and obvious separation of powers concerns presented by courts forcing the government to initiate a prosecution. See Arnett v. Unknown, No. CV 11-5896-JAK(E), 2011 WL 4346329, *6 (C.D.Cal. Aug. 23, 2011) (collecting cases).  Even if the court had discretion to convene such a grand jury, which it does not, it would decline to do so given the absence of evidence of criminal wrongdoing, and the myriad institutional interests implicated.

Lastly, the court reminds Patterson that the proper means of opposing this court's orders is to seek appeal, not to file effectively identical motions on the same issues time and time again.  Further motions based on this same argument, which has been considered and rejected multiple times, will result in sanctions.

**SO ORDERED.**

Dated at New Haven, Connecticut this 14th day of February, 2013.

       /s/ Janet C. Hall
Janet C. Hall
United States District Judge