UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:11-CV-01237 (JCH) |
| v. | : | |
| STATE OF CONNECTICUT DEPARTMENT OF LABOR ADMINISTRATOR, ET AL., | : | |
| Defendants. | : | JULY 1, 2014 |

**RULING RE: PLAINTIFF'S MOTION (Doc. No. 114) FOR RECONSIDERATION OF THE COURT'S MARCH 17, 2014 RULING (Doc. No. 109)**

Plaintiff Ronald Patterson, litigating this action pro se, moves this court to reconsider its ruling of March 17, 2014 ("the March 2014 Ruling") (Doc. No. 109) granting the defendant's Motion for Summary Judgment (Doc. No. 97). Before the court granted that Motion, the plaintiff's only remaining claim for relief was his procedural due process claim for prospective injunctive relief under the United States Constitution. In the March 2014 Ruling, this court held that the defendant afforded the plaintiff adequate procedural protections to satisfy the dictates of due process.

The standard of review applied to a motion for reconsideration is strict; such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A court should not grant a motion for reconsideration where the moving party seeks only to relitigate an issue already decided. See id. In general, granting a motion for reconsideration is only justified if there is "'an intervening change of controlling law, the availability of new evidence, or the need to correct clear

1

error or prevent manifest injustice.'"  See Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790).   The standard of review for motions for summary judgment is set forth in the ruling at issue.  March 2014 Ruling at 2–3.

The plaintiff has not pointed to any controlling law or to any facts that the court overlooked in the March 2014 Ruling.   He has not established that the Ruling constituted clear error, and has not shown that granting the present Motion is necessary to prevent manifest injustice.   Instead, the plaintiff's Motion relitigates issues already addressed by this court.

For the foregoing reasons, the plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

Dated at New Haven, Connecticut this 1st day of July, 2014.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

2