UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD PATTERSON,<br>    Plaintiff, | CIVIL ACTION NO.<br>3:11-CV-1237 (JCH) |
| v. | |
| STATE OF CONNECTICUT<br>DEPARTMENT OF LABOR<br>ADMINISTRATOR et al.,<br>    Defendants. | FEBRUARY 5, 2015 |

**RULING RE: MOTION (Doc. No. 126) AND
SUPPLEMENT RE: ORDER (Doc. No. 124)**

Pro se plaintiff Ronald Patterson brought this action against various defendants in relation to a reduction of his unemployment benefits. The court granted summary judgment to the defendants on March 17, 2014 ("the March 2014 Ruling") (Doc. No. 109), and then denied a motion seeking reconsideration of that Ruling on July 2, 2014 (Doc. No. 117). On December 3, 2014, Patterson filed a document that the court construed as a motion to reopen the time for filing a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). See Motion ("Motion to Reopen") (Doc. No. 118). On December 12, the court issued an Order to Show Cause why the Motion to Reopen should not be granted. After a defendant's response on December 19, the court denied the Motion to Reopen on December 29. See Order (Doc. No. 124).

Later the same day, Patterson filed what was effectively a reply memorandum in support of the Motion to Reopen that the court had just denied, see Reply (Doc. No. 125). Subsequently, Patterson filed a Motion (Doc. No. 126) seeking the undersigned's recusal so that another judge can reconsider various prior rulings in this case.

1

A.   Motion to Recuse

The court denies Patterson's January 20, 2015 Motion (Doc. No. 126). Recusal may be appropriate when "a reasonable person, knowing all the facts and circumstances, [would] conclude that the trial judge's impartiality could reasonably be questioned." United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000) (internal quotation marks omitted). Neither in his Motion nor in the Motion to Reopen's attachment (Doc. No. 118-1) does Patterson provide a basis for the undersigned to be recused. Instead, he conclusorily (and incorrectly) alleges that the undersigned is biased against him on the basis of his race and/or his status as a pro se litigant, and complains that, in his opinion, the undersigned ruled incorrectly with respect to a number of issues in this case. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Because none of what Patterson presents justifies recusal, his Motion (Doc. No. 126) is **DENIED**.

B.   Reply Memorandum

In light of Patterson Reply Memorandum (Doc. No. 125) regarding the Motion to Reopen (Doc. No. 118), the court sua sponte reconsidered its Order (Doc. No. 124). Having done so, however, it concludes that the Order was correct and thus reasserts it.

Patterson was not entitled to the three days provided for in Fed. R. Civ. P. 6(d) (or Fed. R. App. P. 26(c)). As a textual matter, Rules 6(d) and 26(c) only apply when an underlying time period for a litigant's action is measured from the time that something is served. Federal Rule of Appellate Procedure 4(a)(6), which lays out the

applicable time period here, measures the time for a litigant's action from his <u>actual notice</u>.  <u>Cf.</u> Fed. R. Civ. P. 12(a)(1)(A)(i) (responsive pleadings generally due 21 days from service of summons and complaint).

Adding the three days that Patterson seeks makes no more sense on a purposive reading of the applicable rules.  The justification for giving three additional days under Rules 6(d) and 26(c) appears to be that it takes some time for a document to get from the serving party at the moment of transmission, to the receiving party at the moment of receipt, and that, as a practical matter, an estimate of three business days is an appropriate default rule to eliminate debate about whether the date of actual notice is relevant and, if so, what that date is in each individual case.  See <u>United States v. James</u>, 146 F.3d 1183, 1184 (9th Cir. 1998) ("The additional three days added to 'a prescribed period after service of a paper on that party' under Federal Rule of Appellate Procedure 26(c), accounts for expected mail delays when a time period runs from the date of service.'").

The part of Rule 4(a)(6) relevant in this case is a departure from the concern of other parts of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure with measuring times from the moment of service or from the moment of an official action—<u>e.g.</u>, sending a document in the mail or entry of a document on a docket.  This 14-day rule is (rightly) particularly concerned that a litigant has 14 days from the <u>receipt</u> of a document, that he has not previously <u>received</u>, to request an extension of time to file a notice of appeal.  (To make reference to <u>service</u> here would predicate the expiration of a qualified right—to receive notice before expiration of appeal rights—on the very systems of communication whose imperfections might have produced the original lack of notice and a motion under Rule 4(a)(6) in the first place.)

Accordingly, Patterson's argument that he should receive an extra three days in this case—inconsistent as it is with both the text and the apparent purpose of this rule—fails.

The court notes that some cases from district courts in the Second Circuit and from other authorities have stated or implied to the contrary in dicta.  See, e.g., Trento v. Dennison, No. 05-cv-5496, 2008 WL 400921, at *3 (S.D.N.Y. Feb. 14, 2008) (calculating that a litigant had three extra days to file a motion under Rule 4(a)(6), although such calculation was not dispositive); see also Portley-El v. Milyard, 365 F. App'x 912, 918 n.11 and accompanying text (10th Cir. 2010) (same); see also Truong v. Charles Schwab & Co., Inc., No. 07-cv-8085, 2009 WL 464452, at *2 (S.D.N.Y. Feb. 24, 2009) (stating that litigant would have seventeen days to act from the entry of an order granting a motion under Rule 4(a)(6)).  The court views the treatment of this issue by the court in United States v. Tilman, 182 F.3d 915 (5th Cir. 1999), as the better reading of the applicable rules.

The court's prior Order (Doc. No. 124) denying Patterson's Motion to Reopen stands.

**SO ORDERED**.

Dated at New Haven, Connecticut this 5th day of February 2015.

    /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge